SIGAL CHATTAH, ESQ.
Nevada Bar No.: 8264
CHATTAH LAW GROUP
5875 S. Rainbow Blvd., #203
Las Vegas, Nevada 89118
Tel: (702) 360-6200
Fax: (702) 643-6292
Chattahlaw@gmail.com

JOSEPH S. GILBERT, ESQ.
Nevada State Bar No.: 9033
JOEY GILBERT LAW
405 Marsh Avenue
Reno, Nevada 89509
Tel: (775) 284-7700
Fax: (775) 284-3809
Joey@joeygilbertlaw.com
*Co-Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE as Guardian of J. DOE, a minor, and in her individual capacity,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada, its BOARD OF TRUSTEES, and its SUPERINTENDENT, DR. SUSAN ENFELD, DOES I-XX and ROE entities I-XX.<br><br>　　　　　　Defendants. | Case No.:<br>Dept. No.:<br><br><br><br>**COMPLAINT**<br>**JURY DEMAND** |

COME NOW, Plaintiffs, by and through their attorneys of record, SIGAL CHATTAH, ESQ., of CHATTAH LAW GROUP and JOSEPH S. GILBERT, ESQ., of JOEY GILBERT LAW, and hereby alleges and complain against Defendants as follows:

/ / /

1

**JURISDICTION AND VENUE**

1.      This court has Federal subject matter jurisdiction under 42 U.S.C. § 1983, 42 U.S.C. § 2000d et seq., 20 U.S.C. § 1400 et seq., and 28 U.S.C § 1331, 1343.

2.      Venue is proper under 28 U.S.C. § 1391 in the District of Nevada, Washoe County, because this claim arose therein.

3.      Every act and omissions alleged herein was done by Defendants and carried out under the color and pretense of state and federal laws, statutes, ordinances, regulations, or customs.

4.      This Court has supplemental jurisdiction over Plaintiffs' State law claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same case and controversy described by Plaintiffs' Federal claims.

5.      All of the acts or failures to act herein were duly performed by and attributable to all Defendants, each acting as agent, employee, or under the direction and/or control of the others. Said acts or failures to act were within the scope of said agency and/or employment and each of the Defendants and ratified the acts and omissions by the other Defendants. Whenever and wherever reference is made in this Complaint to any acts by Defendants, such allegations and references shall also be deemed to mean the acts of each of the Defendants acting individually, jointly or severally.

/ / /

/ / /

/ / /

/ / /

6.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I through XX, and ROE CORPORATIONS I through XX, inclusive, are unknown to Plaintiffs who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE or ROE CORPORATION is responsible in some manner for the events and happenings herein referred to and damages caused proximately thereby to Plaintiff  as herein alleged; that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants DOES I through XX and/or ROE CORPORATIONS I through XX, when same have been ascertained by Plaintiff together with appropriate charging allegations, and to join such Defendants in this action.

## PARTIES

7.     Plaintiffs are currently and at all times relevant herein, residents of the County of Washoe, State of Nevada.  The true names of *Jane Doe and J. Doe* are known to Defendants but will be formally provided to Defendants and their counsel.

8.     Plaintiff *Jane Doe* is the mother and legal guardian of *J. Doe*, a minor child (hereinafter "Minor"; "Minor Plaintiff" *inter alia*).  Minor Plaintiff at all times complained of herein, was and is a minor child enrolled in and attending Washoe County School District schools, as a minority child with a disability and an IEP, classified and protected under 20 U.S.C. § 1400 et seq., and 42 U.S.C. § 2000d et seq.

9.     Defendant Washoe County School District is a political subdivision of the state of Nevada, having and exercising full control, power, and oversight over the operations and activities at its schools, over its programs and its administrators, teachers, and other staff members, whose purpose is to administer the state system of public education, is located in said

County and State receiving Federal funding, and is classified as a state educational agency pursuant to 20 U.S.C. § 1400 et seq.

10.     Defendant Board of Trustees of the Washoe County School District is a corporate body given the reasonable and necessary powers requisite to attain the ends for which the public schools are established, to promote the welfare of school children, including the establishment and operation of schools and classes deemed necessary and desirable, is located in said County and State receiving Federal funding, and is classified as a local educational agency pursuant to 20 U.S.C. § 1400 et seq.

11.     Defendant Washoe County School District Superintendent Dr. Susan Enfield was appointed by the Governor, is in the Executive Department of State Government, and is the executive head and educational leader of the Washoe County K-12 public education, who executes, directs, and supervises the Washoe County School District and its Board of Trustees, and shall possess the knowledge and ability to carry out the duties required under the statutes and regulations governing K-12 public education.

12.     All of the acts or failures to act herein were duly performed by and attributable to all Defendants, each acting as agent, employee, or under the direction and/or control of the others.  Said acts or failures to act were within the scope of said agency and/or employment and each of the Defendants and ratified the acts and omissions by the other Defendants.  Whenever and wherever reference is made in this Complaint to any acts by Defendants, such allegations and references shall also be deemed to mean the acts of each of the Defendants acting individually, jointly or severally.

/ / /

/ / /

4

13.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I through XX, and ROE CORPORATIONS I through XX, inclusive, are unknown to Plaintiffs who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE or ROE CORPORATION is responsible in some manner for the events and happenings herein referred to and damages caused proximately thereby to Plaintiffs as herein alleged; that Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants DOES I through XX and/or ROE CORPORATIONS I through XX, when same have been ascertained by Plaintiffs together with appropriate charging allegations, and to join such Defendants in this action.

## PRELIMINARY STATEMENT

14.     The Fourteenth Amendment to the United States Constitution affords Minor Plaintiff the right to equal protection under the laws.

15.     Defendants violated Minor Plaintiff's right when they, under color of state law, carried out customs and/or policies and/or practices and usage of deliberate indifference and tolerance for discrimination, carried out on the basis of race and disability, failed to protect Minor Plaintiff and prohibit the discriminatory conduct, and failed to develop, implement, and maintain an adequate IEP specifically for Minor Plaintiff.

16.     Title VI of the Civil Rights Act of 1964, as codified in 42 U.S.C. § 2000d et seq., mandates that no person shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance, and that Defendants protect Minor Plaintiff and other similarly situated students, by prohibiting the same.

17.     Defendants were negligent and acted with deliberate indifference, when they, under color of state law, condoned, ratified, and carried out the prohibited conduct, and denied Minor Plaintiff of his rights, benefits, and participation in their programs and activities.

18.     The Individuals with Disabilities Act, as codified in 20 U.S.C. § 1400 et seq., prohibits discriminatory acts and expressions carried out on the basis of disability, and identifies that there is an inappropriate overidentification or disproportionate representation by race and ethnicity of children as children with disabilities, and where Defendants must account for race in the evaluation and assessment of Minor Plaintiff with regard to his disability.

19.     Defendants were negligent and acted with deliberate indifference when they, under color of state law, condoned and tolerated a hostile and offensive environment where discriminatory acts and expressions were carried out against Minor Plaintiff, causing harm, and where race was an unaccounted factor in evaluating and assessing Minor Plaintiff's disability.

20.     The Individuals with Disabilities Act, as codified in 20 U.S.C. § 1400 et seq., mandates that Defendants make available to Minor Plaintiff, and other similarly situated students, a free appropriate public education that emphasizes special education and related services designed to meet the unique needs of Minor Plaintiff to prepare him for further education, employment, and independent living, and specifically, that his education be provided in conformity with his individualized education program, and shall include such developmental, corrective, and other supporting services Minor Plaintiff needs, to include psychological services, social work services, and counseling services.

21.     Defendants were negligent and acted with deliberate indifference when they, under color of state law, failed to provide Minor Plaintiff with such education and services designed to meet his needs and prepare him for a successful path in life.

6

22.     The Individuals with Disabilities Act, as codified in 20 U.S.C. § 1400 et seq., mandates that Defendants provide to Minor Plaintiff, and other similarly situated students, the supplementary aids, services, and other supports in Minor Plaintiff's regular education classes or other education-related settings to enable Minor Plaintiff to be educated with nondisabled children to the maximum extent appropriate and least restrictive environment.

23.     Defendants were negligent and acted with deliberate indifference when they, under color of state law, failed to provide Minor Plaintiff with such aids and services designed to meet his needs and prepare him for a successful path in life.

24.     The Individuals with Disabilities Act, as codified in 20 U.S.C. § 1400 et seq., mandates that Defendants provide to Minor Plaintiff, and other similarly situated students, the transition services and coordinated set of activities that is based on the needs of Minor Plaintiff, improves his academic and functional achievement, and facilitates his movement from school to post-school activities and post-school adult living objectives.

25.     Defendants were negligent and acted with deliberate indifference when they failed to provide Minor Plaintiff with such services designed to meet his needs and prepare him for a successful path in life.

26.     The Individuals with Disabilities Act, as codified in 20 U.S.C. § 1400 et seq., mandates that Defendants provide to Minor Plaintiff, and other similarly situated students, an individualized education program that meets the requirements of 20 U.S.C. § 1414(d), and is adequately established, developed, implemented, reviewed, revised, and maintained specifically for Minor Plaintiff, so that he may receive and be educated in the least restrictive environment.

/ / /

/ / /

27.     Defendants were negligent and acted with deliberate indifference when they, under color of state law, failed to develop, implement, and maintain an adequate IEP, specifically for Minor Plaintiff, and caused to separate and remove him from the regular education environment.

28.     The Individuals with Disabilities Act, as codified in 20 U.S.C. § 1400 et seq., mandates that Defendants assess, and ensure the effectiveness of, efforts to educate children with disabilities, and that the testing and evaluation materials and procedures utilized for the purposes of evaluation and placement of Minor Plaintiff and other similarly situated students for services, not be selected and administered so as to be racially or culturally discriminatory.

29.     Defendants were negligent and acted with deliberate indifference when they, under color of state law, breached and failed in the performance of their duties, did administer, assess, and evaluate Minor Plaintiff in a racially and culturally discriminatory way, to the detriment of Minor Plaintiff's mental, emotional, social, and academic pursuits.

30.     The Individuals with Disabilities Act, as codified in 20 U.S.C. § 1400 et seq., mandates Defendants protect the rights of Plaintiffs and comply with the law, that Minor Plaintiff receive general supervision from individuals who are responsible for educational programs for children with disabilities and meet the State's education standards.

31.     Defendants were negligent and acted with deliberate indifference when they, under color of state law, condoned, ratified, and carried out discriminatory conduct, and tolerated an offensive and hostile environment, where discriminatory acts and expressions on the basis of Minor Plaintiff's disability (and race) were carried out, causing harm to Minor Plaintiff.

/ / /

/ / /

32.     Chapter 388 of the Nevada Revised Statutes mandates Defendants a duty to prohibit discriminatory acts and expressions carried out on the basis of disability and/or race, and to protect Minor Plaintiff and other similarly situated students from such prohibited conduct.

33.     Defendants were negligent and acted with deliberate indifference, when they, under color of state law, condoned, ratified, and carried out the prohibited conduct, and failed to protect Minor Plaintiff, where Minor Plaintiff was harmed.

34.     Title 34 of the Nevada Revised Statutes mandates Defendants one or more duties: (i) create a board of trustees with the rights and powers necessary to control local public education, (ii) to act as stewards and guardians of the laws, values, and procedures for each district, where each shall show civility and respect to their students, as an act of expression and appropriate and professional behavior, (iii) to license, hire, train, evaluate, oversee, supervise, discipline, and restrict or revoke as necessary their teachers, staff, and administrative personnel, (iv) to provide a safe and respectful learning environment for all students, (v) to prohibit bullying, harassment, and discrimination of every kind, (vi) to identify and report acts of prohibited conduct, (vii) to provide each child with quality instruction not negatively impacted by poor attitudes or interactions among teachers, staff, and administration, (viii) to prohibit and prevent the assault and battery of students, (ix) to act professionally and ethically when dealing with each student, (x) to maintain appropriate boundaries of authority while fostering empathy and support for and encouragement of each student, (xi) to provide counseling and other services and resources to Minor Plaintiff, and (xii) to provide a staff that adheres at all times to the Nevada Model Code of Educator Ethics.  *See generally*, NRS 385.005, 386.010, 388.132, 391, 391A, 388.132, 391.2055, 391.2056.

/ / /

35.     Defendants were negligent and acted with deliberate indifference, when they, under color of state law, breached and failed in the performance of their duties.

36.     Defendants' negligent actions, and their deliberate indifference to Minor Plaintiff, shocks the conscience and demonstrates a discriminatory and dangerous environment found within the Washoe County School District.

37.     Defendants breached their duty to protect Minor Plaintiff, and other similarly situated students, when they failed to address the needs of Minor Plaintiff, where Defendants knew that Minor Plaintiff was a low achieving student in an underserved population, from a low-income family, and where such factors were further compacted with Minor Plaintiff's disability, and did directly cause behavioral problems that interfered with his learning and socialization, and in their failure, Defendants violated Minor Plaintiff's right to equal protection under the laws.

## FACTUAL ALLEGATIONS

38.     At all times relevant to this Complaint, the acts and omissions giving rise to this action occurred in Sparks, County of Washoe, Nevada.

39.     At all pertinent times, Minor Plaintiff was 12 years of age attending 7th grade at Dilworth Stem Academy.

40.     Minor Plaintiff was a designated and identified student with a disability, suffering from anxiety, an inability to concentrate and difficulty maintaining tasks, and when Minor Plaintiff is targeted, disciplined, addressed or reprimanded, his anxiety is heightened and Minor Plaintiff experiences an inability to control his emotions and communicate effectively, with an established IEP as pursuant to 20 U.S.C. § 1400 et seq.

/ / /

10

**41.**     That Minor Plaintiff was subjected to cumulative trauma as a direct and proximate result of Defendants failure to comply with both Federal and State mandates including but not limited to the following:

• Excessive and demeaning act and expression of bullying and harassment;

• Assault and battery by his teacher;

• On or around September 21, 2022, Minor Plaintiff was bullied, harassed, discriminated against, and physically assaulted and battered by WCSD teacher Michael Ismari;

• Discrimination on the basis of his race, where Defendants failed to treat Minor Plaintiff as a student with a disability, and instead resorted only to using discriminatory discipline and aversive intervention, segregation, and removal; and

• Discrimination on the basis of his disability, where Defendants failed to develop, implement, and maintain an adequate IEP, failed to provide him with services, support, aids, and assistance, and resorted only to using discriminatory discipline and aversive intervention, segregation, and removal.

**42.**     Defendants failed to protect Minor Plaintiff, to treat him as a student with a disability, and demonstrated deliberate indifference to the plight of Minor Plaintiff, where he was forced to defend himself, and educate himself without the services afforded to him by law, and where Minor Plaintiff's disability did manifest itself as anger, defiance, truancy, and insubordination.

**43.**     Defendants failed to develop, implement, and maintain an adequate IEP, specifically for the needs of Minor Plaintiff, and did punish him for his physical and mental impairments using discipline, separation, and removal.

11

44.      As early as 2015, Defendants knew that Minor Plaintiff was vulnerable and its employees were placed on notice that he was has demonstrated a pattern of vocal and physical agitation, poor communication skills, and an inability to control his emotions, and where Minor Plaintiff has been targeted, bullied, harassed, and discriminated against by other students and by teachers, staff, and administrators, causing Minor Plaintiff to lash out and respond with physical aggression, and where Defendants condoned, ratified, and carried out the prohibited conduct, which did further aggravate his disability.

45.      On or around September 21, 2022, Minor Plaintiff came into his 6th period class late and visibly upset.  He was followed by a teacher who came from the hall and into the other teacher's classroom.

46.      Minor Plaintiff told Ismari to leave him alone, that he just wanted to go to class, but Ismari continued to antagonize Minor Plaintiff and escalated the issue.  Ismari said "What are you going to do?  Are you going to hit me?  Do you really think you could hurt me?"  And then Ismari called Minor Plaintiff the "n" word.

47.      Minor Plaintiff warned Ismari that he would "swing on him" if he didn't leave him alone.  The other teacher put herself between Ismari and Minor Plaintiff, and they continued to speak aggressively.  Ismari continued antagonizing Minor Plaintiff and Minor Plaintiff said, "I'm going to county to five and if you don't leave me alone then I'm going to swing on you."

48.      Minor Plaintiff counted to five, dropped his backpack, and charged Ismari, who restrained Minor Plaintiff's arms and slammed his body to the floor.

/ / /

/ / /

/ / /

12

49.     Ismari laid on top of Minor Plaintiff, with his forearm on top of Minor Plaintiff's sternum.  The other teacher told him to get off Minor Plaintiff multiple times, and it was not until other administrators and counselors came over, and not until the principal told Ismari to get off of Minor Plaintiff multiple times, that he did.

50.     Ismari targeted Minor Plaintiff because of his race and specific disability because he struggles with controlling his anger, which is why Ismari antagonized him.  Ismari has a history of targeting students, especially male students of color, where Ismari would follow and antagonize them, knowing they have disabilities and difficult behaviors.

51.     Ismari has been reported to throw pencils at students and call them names, where he refers to one group of students as "the chain gang."

52.     Students have been removed from Ismari's classroom because they don't feel safe.

53.     Two students specifically reported that they were sent to Ismari's classroom as punishment, where they had to stand with their backpacks on, and stay inside a square for an entire period, which lasts approximately 55 minutes, and if they moved, Ismari would berate them.

54.     Another incident was reported where Ismari restrained another student using his forearm over the student's neck, and the student struggled to say he couldn't breathe.

/ / /

/ / /

/ / /

/ / /

13

55.     Ismari has a disciplinary record that starts as early as 2011, where he was alleged, on numerous occasions, over many years, to have exhibited unprofessional behavior, and carried out unacceptable conduct, been insubordinate, failed to follow established guidelines, directives, and protocols, where Ismari showed inadequate performance, and violated WCSD administrative guidelines for a safe and respectful learning environment.

56.     Ismari was investigated because a staff member notified the principal that Ismari was mistreating caged animals within his classroom.

57.     Ismari was investigated for calling his students "ugly ducklings," and stating that "women as a whole have lost their value," while referring to different groups of people "who will never amount to anything."

58.     Ismari was investigated for removing two students into the hallway during class after he crumbled up their papers and threw them on the floor, and where he told the students if they didn't get finished in five minutes, he would "kick their asses."

59.     The principal at one school received numerous allegations regarding Ismari, where he exhibited insubordination and violated directives and known policies and procedures, where he used unprofessional language and unacceptable teaching practices, and where he would name call and use sarcasm to ridicule and embarrass minor students, causing fear and intimidation, and was investigated for the same on at least: March 2011, September 2011, November 2011, September 2012, November 2013, and May 2014.

60.     The principal told Ismari on multiple occasions that he had a duty to do no harm to his students.

/ / /

/ / /

14

61.     In August 2014, Ismari transferred to Dilworth Stem Academy, and was immediately reprimanded and investigated, where it was alleged that he asked a student to leave the class because he was causing a disruption, and as the student was leaving, he called Ismari a "dickhead," and Ismari responded by saying that he would "light him up" if he were 18.  Ismari was admonished and directed to attend training on how to do deal with difficult student behavior, and to do no harm with words.

62.     Here, Ismari was transferred to a different school and Minor Plaintiff

63.     Defendants created an offensive and hostile environment, and left Minor Plaintiff in that danger, and where Minor Plaintiff was harmed.

64.     Defendants permitted the physical and verbal abuse, and improper seclusion and restraint of Minor Plaintiff, a student with a disability.

65.     Defendants permitted a teacher to seclude and restrain Minor Plaintiff before he first attempted appropriate behavior management and de-escalation strategies.

66.     Where there have been reported allegations of racial discrimination and discriminatory conduct against minor students of color, and those with a disability, by Ismari, within the District, as early as March 2011.

67.     Where Defendants must comply with the Individuals with Disabilities Education Act and Title VI of the Civil Rights Act, as Federal laws that prohibit Defendants from discriminating against Minor Plaintiff on the basis of his disability and race.

/ / /

/ / /

/ / /

15

68.     Here, Minor Plaintiff was subjected to discriminatory discipline, racial harassment, unequal access to educational resources, and denied certain services or equal educational opportunities, and where Defendants did discipline Minor Plaintiff more harshly and more frequently than other students, resulting in serious negative emotional consequences, particularly when Minor Plaintiff was excluded from school.

69.     As a result of Defendants' deliberate indifference and tolerance for discrimination, Minor Plaintiff was disciplined more frequently or more severely because of his race, color, or national origin, and this discrimination directly impacted the disability of Minor Plaintiff, as Defendants disciplined Minor Plaintiff in place of providing him services, support, aids, and assistance for his disability.

70.     Rather than make such accommodations, Minor Plaintiff was subject to ridicule and abuse by "trusted adults", where his disability was ignored and his needs were not met, and Defendants did deprive Minor Plaintiff of the resources and support afforded to him by law.

71.     In fact, despite Minor Plaintiff's documented disability, Defendants not only failed to provide Minor Plaintiff with services and resources, but they condoned the bullying, harassment, discrimination, and abuse of Minor Plaintiff while he was in the custody, care, supervision, and protection of Defendants.

72.     Further, these affirmative acts were combined with a failure to report to State and Federal agencies, and where Defendants have failed to meet State academic standards.

73.     As a result of these collective acts, Minor Plaintiff manifested the following somatic and psychosomatic symptoms:

/ / /

/ / /

• Bodily injury;

• Difficulty eating, loss of appetite;

• Increased anxiety and depression, fear when going to school;

• Defecating when approached by or coming in contact with a male teacher;

• Post-traumatic stress disorder;

• Diminished concentration and academic performance; and

• Chronic school absence due to suspensions and removal.

**74.**     At all pertinent times, Minor Plaintiff and each other minor student herein were under the care, supervision, custody, and protection of Defendants, at the same school and in the same and other classrooms as Minor Plaintiff.

**75.**     At all pertinent times, the teachers, staff, and administrators herein were under the control, supervision, direction, and authority of Defendants, at the same school and in the same and other classrooms as Minor Plaintiff.

**76.**     At all pertinent times, Defendants were and are a political subdivision of the State of Nevada, existing and operating by virtue of the laws of the County of Washoe, State of Nevada, having and exercising full control, power, and operating oversight of the educational programs and activities at its schools, within its district, while a recipient of Federal funding.

**77.**     At all pertinent times, Defendants acted by and through its teachers, staff, and administrators, who carried out final decisions and policies regarding the care, supervision, custody, and protection of all minor students, and specifically, Minor Plaintiff.

/ / /

**78.** On September 21, 2022, Minor Plaintiff was subjected to and suffered from assault, battery, racial discrimination, and intentional infliction of emotional distress, where he was bullied, taunted, harassed, followed, provoked, restrained, body slammed, and then choked and further taunted while he was on the ground in front of all of his peers, who recorded the incident and posted it on the internet.

**79.** Minor Plaintiff has a disability and his disciplinary report demonstrates the bias and discriminatory conduct of Defendants toward his disability, where Defendants acted with deliberate indifference to the plight of Minor Plaintiff when they failed to provide him with an adequate IEP, specifically for his needs, and failed to provide the services, support, aids, and assistance necessary for his academic and social development, and the continued integration of Minor Plaintiff into public education in the least restrictive environment.

**80.** Minor Plaintiff was punished for his disability, despite utilizing the tools given to him pursuant to his IEP, to walk away and leave the situation, and to count.

**81.** Ismari, who assaulted and battered Minor Plaintiff, and carried out discriminatory acts and expressions, has a history of carrying out the prohibited conduct against other similarly situated students, and where Ismari has been disciplined, reprimanded, and admonished for taking similar actions.

**82.** Defendants carried out customs and/or policies and/or practices of deliberate indifference and tolerance to discrimination when they, under color of state law, condoned, ratified, and carried out acts and expressions so objectively offensive that they shock the conscience, as to create a hostile and offensive environment where Minor Plaintiff was left in danger.

/ / /

18

83.     Whereas Defendants' acts and omissions of deliberate indifference violated Minor Plaintiff's right to equal protection under the laws, denied him the right to a free and public education with services, support, aids, and assistance afforded him, and created an offensive and hostile environment, where Defendants placed Minor Plaintiff in that danger and where Minor Plaintiff was harmed.

84.     Whereas Nevada Revised Statutes mandate that Defendants act as stewards and guardians of the laws, values, and procedures for each district, where each shall show civility and respect to their students, as an act and expression of appropriate and professional behavior, where they show no tolerance for discrimination of any kind, and here, Defendants were negligent and acted under color of state law when they failed to protect Minor Plaintiff, and provide him with equal access to Defendant's educational programs and activities, and did substantially interfere with his academic pursuits, social performance, and his mental health and physical well-being.

85.     Defendants were negligent and acted under color of state law when they showed deliberate indifference to the plight of Minor Plaintiff.

86.     Defendants knew of their duties, by and through each of its published documents:

Board Policy, 9200: Harassment and Discrimination Prohibited.

Board Policy, 9210: Equity and Diversity.

Board Policy, 5700: Safe and Respectful Learning Environment.

Admin. Regulation, 5701: Student Bullying, Discrimination, and/or Harassment.

State Dept. of Education Nevada Model Code of Ethics for Educators.

Student Behavior: Administrative Procedures Manual.

87.     Plaintiffs relied on the published documents and made reasonable inferences from the same that Defendants would exercise due and reasonable care in the performance of their duties.

88.     Defendants carried out customs and/or policies and/or practices and usage of non-reporting and tolerance for discrimination expressed through persons with final authority and decision-making capacity through practices so pervasive and widespread as to constitute a custom or a policy with the force of law, and Defendants practices resulted in each violation.

89.     Dilworth Stem Academy has demonstrated its tolerance for violence, discrimination, and a dangerous environment where Minor Plaintiff and other similarly situated students are left unprotected and have been harmed.

90.     Minor Plaintiff was subjected to assault and battery that resulted in a physical harm, aggravation of his disability, mental anguish, fear, embarrassment, and emotional distress.

91.     At all pertinent times, Defendants had knowledge of the risk of harm to Minor Plaintiff and the hostile and offensive environment or "state-created danger."

92.     Defendants were negligent and acted under color of state law when they failed to mitigate the harm and violated Minor Plaintiff's right to equal protection.

93.     At all pertinent times, Defendants had knowledge of Minor Plaintiff's disability and the effects of his mental and physical impairments on his major life functions.

/ / /

/ / /

/ / /

20

94.     Defendants were negligent and acted under color of state law when they failed to adequately establish, develop, implement, review, revise, or maintain Minor Plaintiff's IEP, and protect Minor Plaintiff from the prohibited conduct while he was in their care, custody, supervision, and protection, and deprived Minor Plaintiff of his constitutional, federal, and state-protected rights.

95.     At all pertinent times, Defendants acted under the color of state law, and where Defendants carried out acts and omissions in the course of their employment, while on school property.

96.     At all pertinent times, Defendants acted under the color of state law, and where Defendants showed deliberate indifference to the plight of Minor Plaintiff, directly and proximately cause him harm, and where the injuries suffered by Minor Plaintiff include cumulative trauma, humiliation, and the damage and manipulation of relationships.

97.     Plaintiffs can only infer from Defendants' acts and omissions that there was/is a failure to train, failure to supervise, oversee, discipline, restrict, and/or revoke licensed teachers, a no-reporting procedure or a custom of non-reporting for State and Federal filings, tolerance for discriminatory conduct, and an overall practice of deliberate indifference for the plight of Minor Plaintiff, and other similarly situated students, who are classified as a minority with a disability.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

21

98.     Plaintiffs now seek a Declaration from the Court that Defendants have violated Minor Plaintiff's constitutional right to equal protection; that Defendants are negligent and acted under color of state law when they failed to protect Minor Plaintiff and prohibit discriminatory conduct, did deny Minor Plaintiff of his rights, benefits, and participation in programs and activities, failed to appropriately evaluate and assess Minor Plaintiff, failed to implement, develop, and maintain an adequate IEP, failed to meet his needs, failed to provide services afforded to Minor Plaintiff, failed to ensure the effectiveness of its programs, failed to provide general supervision from individuals who are responsible for educational programs for children with disabilities, failed to provide a safe and respected learning environment free from bullying, harassment, and discrimination, failed to supervise and discipline its teachers; and that Defendants demonstrated deliberate indifference to the plight of Minor Plaintiff through customs and/or policies and/or practices and usage so pervasive and widespread as to constitute the force of law.

# **FIRST CAUSE OF ACTION**

### (*DECLARATORY RELIEF UNDER 42 U.S.C. § 1983*)

99.     Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate them herein by reference as though fully set forth herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

100.     Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to a Declaration from the Court that Defendants have violated Minor Plaintiff's constitutional right to equal protection; that Defendants are negligent and acted under color of state law when they failed to protect Minor Plaintiff and prohibit discriminatory conduct, did deny Minor Plaintiff of his rights, benefits, and participation in programs and activities, failed to appropriately evaluate and assess Minor Plaintiff, failed to develop, implement, and maintain an adequate IEP specifically for Minor Plaintiff, failed to meet his needs, failed to provide services afforded to Minor Plaintiff, failed to ensure the effectiveness of its programs, failed to provide general supervision from individuals who are responsible for educational programs for children with disabilities, failed to provide a safe and respected learning environment free from bullying, harassment, and discrimination, failed to supervise and discipline its teachers; and that Defendants demonstrated deliberate indifference to the plight of Minor Plaintiff through customs and/or policies and/or practices and usage so pervasive and widespread as to constitute the force of law.

101.     Here, Defendants violated Minor Plaintiffs' right to equal protection under the laws and deprived him of a free appropriate education, and the privileges, benefits, and opportunities afforded to him under Defendants' educational programs and activities, violations of which are actionable under 42 U.S.C. § 1983.

102.     Defendants were negligent in failing to prohibit the discriminatory conduct, violations of which is actionable under 42 U.S.C. § 1983.

103.     Defendants' act and omissions were the direct and proximate cause of harm to Minor Plaintiff in violation of his rights actionable under 42 U.S.C. § 1983.

/ / /

/ / /

104.     Plaintiffs have been required to incur legal-fees and costs in the prosecution of their claim for Declaratory Relief, of which they are entitled to recover pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
### (VIOLATION OF  14TH AMEND. - EQUAL PROTECTION)

105.     Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate them by reference as though fully set forth herein,

106.     The Fourteenth Amendment affords Minor Plaintiff the right to equal protection under the laws, and Defendants violated Minor Plaintiff's right when they, under color of state law, carried out customs and/or policies and/or practices and usage of deliberate indifference and tolerance for discriminatory acts and expressions, on the basis of race and disability, failed to protect Minor Plaintiff and prohibit the discriminatory conduct, and failed to develop, implement, and maintain an adequate IEP, specifically for Minor Plaintiff.

107.     At all times relevant herein, Defendants exercised substantial control over all teachers, staff, and administrators acting under color of state law and condoning, ratifying, and carrying out discriminatory acts and expressions against Minor Plaintiff, and in failing to perform their duties.

108.     On September 21, 2022, Minor Plaintiff was subjected to and suffered from assault, battery, racial discrimination, and intentional infliction of emotional distress, where he was bullied, taunted, harassed, followed, provoked, restrained, body slammed, and then choked and further taunted while he was on the ground in front of all of his peers, who recorded the incident and posted it on the internet.

/ / /

24

**109.** The Federal and State Government mandate that Defendants identify and meet the needs of Minor Plaintiff, and other similarly situated students, by implementing an individualized education plan, pursuant to the Individuals with Disabilities Act, and provide Minor Plaintiff with equal access to a free appropriate public education, where Minor Plaintiff receives such services, support, aids, and assistance necessary so that he may have equal access to and meaningful enjoyment of, each privilege, benefit, and opportunity afforded to every student, in its educational programs and activities.

**110.** Defendants denied Minor Plaintiff the rights afforded to him through the provision of education and services designed to meet the needs of Minor Plaintiff and prepare him for a successful path in life.

**111.** Defendants did not exercise due and reasonable care in the performance of their duties when they undermined and detracted from the educational experience of Minor Plaintiff and created a disadvantaged school environment.

**112.** Defendants violated Minor Plaintiff's constitutional right to equal protection, and the educational benefits afforded to him under the law.

**113.** Defendants demonstrated their deliberate indifference to the Minor Plaintiff, and other similarly situated students, through customs and/or policies and/or practices and usage of deliberate indifference, when it tolerated discriminatory conduct, when it condoned, ratified, and carried out acts and expressions so objectionably offensive, and did create an environment where Minor Plaintiff was in danger, and in fact was harmed, and Dilworth Stem Academy did not report the incidents for review by the Federal Government, and in doing so, violated Minor Plaintiff's right to equal protection, a violation which is actionable under 42 U.S.C. § 1983.

/ / /

25

**114.** Defendants' acts and omissions proximately and directly caused harm to Minor Plaintiff in the violation of his constitutional, federal, and states' rights.

**115.** Minor Plaintiff is entitled to recover from Defendants for all damages directly and/or proximately resulting from the violation of his constitutional right to equal protection.

**116.** Defendants' deliberate indifference to the Minor Plaintiff and discrimination created an environment with increased danger, which was the direct and proximate cause of the violation of Minor Plaintiff's constitutional right, and where the danger was foreseeable.

**117.** Minor Plaintiff suffered injuries in the denial of access to and enjoyment of his educational benefits, and the cumulative trauma now and into the future that will require medical and educational analyses, evaluations, and treatments, the cost of which entitles Minor Plaintiff to special damages in an amount to be proven at time of trial.

**118.** Minor Plaintiff suffered injuries in his emotional and psychological harm, humiliation, degradation, damaged relationships, and general emotional distress, where Plaintiffs claim both past and future damages, in an amount in excess of $75,000.

**119.** Minor Plaintiff suffered injuries and Plaintiff Jane Doe, in her individual capacity, has and will into the future incur medical, educational, and other expenses for which she is entitled to recover in this action.

**120.** Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover against Defendants for all reasonable attorneys' fees expended in prosecuting this action.

/ / /

/ / /

/ / /

### **THIRD CAUSE OF ACTION**

***(CLAIM FOR DAMAGES FOR VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000d ET. SEQ.)***

121.    Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate them by reference as though fully set forth herein.

122.    Whereas Title VI of the Civil Rights Act mandates that Defendants prohibit discriminatory conduct, and specifically, that no person shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

123.    Defendants were negligent and acted with deliberate indifference when they, under color of state law, condoned, ratified, and carried out the prohibited conduct, and denied minor Plaintiff of his rights under Title VI of the Civil Rights Act, a violation of which is actionable under 42 U.S.C. § 2000d *Et. Seq.*

124.    Defendants acted under color of state law when they condoned and ratified discriminatory acts and expressions, undermined and detracted from his educational experience, and where Defendants created a disadvantaged and dangerous school environment, a violation of which is actionable under 42 U.S.C. § 2000d *Et. Seq.*

125.    Defendants failed to mitigate the harm to Minor Plaintiff and lessen the state-created danger, having actual knowledge and notice of the incidents and occurrences of discriminatory conduct, a violation which is actionable under 42 U.S.C. § 2000d *et. Seq.*

126.    Defendants had final authority and decision-making capacity to identify, address, halt, report, and further investigate all discriminatory acts and expressions, incidents, occurrences, and allegations, and to initiate corrective and preventative measures on behalf of Minor Plaintiff.

127.     Defendants' negligence and deliberate indifference caused harm, and Minor Plaintiff suffered injuries and cumulative trauma now and into the future that will require medical and educational analyses, evaluations, and treatments, the cost of which entitles Minor Plaintiff to special damages in an amount to be proven at time of trial.

128.     Defendants' negligence and deliberate indifference caused harm, and Minor Plaintiff suffered injuries and emotional and psychological harm, humiliation, degradation, damaged relationships, and general emotional distress, where Plaintiffs claim both past and future damages, in an amount in excess of $75,000.

129.     Defendants' negligence and deliberate indifference caused harm, and Minor Plaintiff suffered injuries, and Plaintiff Jane Doe, in her individual capacity, has and will into the future incur medical, educational, and other expenses for which she is entitled to recover in this action.

130.     Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover against Defendants for all reasonable attorneys' fees expended in prosecuting this action.

**<u>FOURTH CAUSE OF ACTION</u>**

***(CLAIM FOR DAMAGES FOR VIOLATION OF THE INDIVIDUALS WITH DISABILITIES ACT – 20 U.S.C. § 1400 ET. SEQ.)***

131.     Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate them by reference as though fully set forth herein.

/ / /

/ / /

/ / /

/ / /

/ / /

28

**132.**     The Individuals with Disabilities Act mandates that Defendants prohibit discriminatory conduct, specifically discriminatory acts and expressions carried out on the basis of Minor Plaintiff's disability, and where there exists an inappropriate overidentification or disproportionate representation by race and ethnicity of children as children with disabilities, mandates that Defendants account for such race in the evaluation and assessment of Minor Plaintiff, with regard to his disability and IEP.

**133.**     Defendants were negligent and acted with deliberate indifference, when they, under color of state law, condoned, ratified, and carried out the prohibited conduct, and tolerated an offensive and hostile environment, and where Defendants failed to prohibit discriminatory acts and expressions carried out against Minor Plaintiff on the basis of his disability (and race), and where Defendants did directly and proximately cause harm to Minor Plaintiff, violations of which are actionable under 20 USC §1400 *Et. Seq.*

**134.**     Defendants were negligent and acted with deliberate indifference, when they, under color of state law, failed to make available to Minor Plaintiff a free appropriate public education that emphasizes special education and related needs that are designed to meet the unique needs of Minor Plaintiff, and where Defendants failed to prepare Minor Plaintiff for further education, employment, and independent living, failed to provide an education in conformity with his IEP, and did not include the developmental, corrective, and other supporting services he needed, nor those psychological, social work, and counseling services afforded to him, violations of which are actionable under 20 USC §1400 *Et. Seq.*

/ / /

/ / /

/ / /

/ / /

29

135.     Defendants were negligent and acted with deliberate indifference when they, under color of state law, failed to provide Minor Plaintiff with the supplementary aids, services, and other supports in Minor Plaintiff's regular education classes or other education-related settings to enable Minor Plaintiff to be educated with nondisabled children to the maximum extent appropriate, and where Defendants failed to provide such aids, services, and other supports to meet the needs of Minor Plaintiff, and successfully prepare him for life, violations of which are actionable under 20 U.S.C. §1400 *Et. Seq.*

136.     Defendants were negligent and acted with deliberate indifference when they, under color of state law, failed to provide Minor Plaintiff the transition services and coordinated set of activities that is based on the needs of Minor Plaintiff, improves his academic and functional achievement, and facilitates his movement from school to post-school activities and post-school adult living objectives, violations of which are actionable under 20 U.S.C. §1400 *Et. Seq.*

137.     Defendants were negligent and acted with deliberate indifference when they, under color of state law, failed to provide Minor Plaintiff with an adequate individualized education program that meets the requirements of 20 U.S.C. §1414(d) ("IEP"), and where Defendants failed to adequately establish, develop, implement, review, revise, and maintain his IEP, and denied him of his right to receive and be educated in the least restrictive environment, where Defendants caused to separate and remove him from the regular education environment, violations of which are actionable under 20 U.S.C. §1400 *Et. Seq.*

/ / /

/ / /

/ / /

/ / /

30

138.    Defendants were negligent and acted with deliberate indifference when they, under color of state law, failed to adequately assess and provide services to Minor Plaintiff, and where Defendants selected and administered such services so as to be racially or culturally discriminatory, or with racial or culturally discriminatory bias, and did harm Minor Plaintiff, to the detriment of his mental, emotional, social, and academic pursuits, violations of which are actionable under 20 U.S.C. §1400 *Et. Seq.*

139.    Defendants were negligent and acted with deliberate indifference when they, under color of state law, failed to protect the rights of Minor Plaintiffs, failed to provide general supervision from individuals who are responsible for educational programs for children with disabilities that meet the State's education standards, and where Defendants condoned and tolerated a hostile and offensive environment, and discriminatory acts and expressions were carried out on the basis of Minor Plaintiff's disability, violations of which are actionable under 20 U.S.C. §1400 *Et. Seq.*

140.    Defendants had final authority and decision-making capacity to identify, address, halt, report, and further investigate all discriminatory acts and expressions, incidents, occurrences, and allegations, and to initiate corrective and preventative measures on behalf of Minor Plaintiff.

141.    Defendants failed to mitigate harm and lessen the state-created danger, violations of which is actionable under 20 USC §1400 *Et. Seq.*

142.    Defendants' negligence and deliberate indifference caused actual and proximate harm, and Minor Plaintiff suffered injuries and cumulative trauma now and into the future that will require medical and educational analyses, evaluations, and treatments, the cost of which entitles Minor Plaintiff to special damages in an amount to be proven at time of trial.

143.     Defendants' negligence and deliberate indifference caused harm, and Minor Plaintiff suffered injuries and emotional and psychological harm, humiliation, degradation, damaged relationships, and general emotional distress, where Plaintiffs claim both past and future damages, in an amount in excess of $75,000.

144.     Defendants' negligence and deliberate indifference caused harm, and Minor Plaintiff suffered injuries, and Plaintiff Jane Doe, in her individual capacity, has and will into the future incur medical, educational, and other expenses for which she is entitled to recover in this action.

145.     Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover against Defendants for all reasonable attorneys' fees expended in prosecuting this action.

## FIFTH CAUSE OF ACTION

### *(ASSAULT AGAINST ALL DEFENDANTS)*

146.     Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate them herein by reference as though fully set forth herein.

147.     Defendants, by and through Ismari, intentionally acted to make Minor Plaintiff reasonably apprehend that he was in imminent danger of being unlawfully touched in a harmful or offensive manner.

148.     Minor Plaintiff did not consent to Defendants' conduct.

149.     As a direct and proximate result of the malicious and intentional conduct by Ismari, whose acts were directed and ratified by Defendants collectively, Minor Plaintiff suffered damages, the exact amount which will be proven at trial.

/ / /

150.     The intentional conduct of Defendants was so despicable, oppressive, malicious, and engaged in with such conscious disregard for Minor Plaintiff's rights and safety that punitive damages are warranted.

151.     That it has become necessary for Plaintiffs to retain the services of legal counsel for which Plaintiffs are entitled to recover such costs and expenses from Defendants.

## SIXTH CAUSE OF ACTION

### *(BATTERY AGAINST ALL DEFENDANTS)*

152.     Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate them by reference as though fully set forth herein.

153.     Defendants, by and through Ismari, unlawfully slammed Minor Plaintiff to the ground, with intent to harm him.

154.     Minor Plaintiff did not consent to Defendants' conduct.

155.     Minor Plaintiff did suffer injuries as a result of Defendants' attack.

156.     As a direct and proximate result of the malicious and intentional conduct by Ismari, whose acts were directed and ratified by Defendants collectively, Minor Plaintiff suffered damages, the exact amount which will be proven at trial.

157.     The intentional conduct of Defendants was so despicable, oppressive, malicious, and engaged in with such conscious disregard for Minor Plaintiff's rights and safety that punitive damages are warranted.

158.     That it has been necessary for Plaintiffs to retain the services of legal counsel for which Plaintiffs are entitled to recover such costs and expenses from Defendants.

/ / /

## SEVENTH CAUSE OF ACTION

### *(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS)*

159.    Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate them by reference as though fully set forth herein.

160.    Defendants' acts and omissions described herein were extreme and outrageous and intentionally conducted to cause emotional distress to Minor Plaintiff.

161.    As a direct and proximate result of the malicious and intentional conduct by various Defendants, whose acts were directed and ratified by Defendants, Minor Plaintiff suffered, and will continue to suffer, damages, including but not limited to such severe and extreme emotional distress manifested as great humiliation, embarrassment, shame, and other pain and suffering.

162.    The intentional conduct of the Defendants was so despicable, oppressive, malicious, and engaged in with such conscious disregard for Minor Plaintiffs' rights and safety that punitive damages are warranted, as is an award of attorney fees and costs of this action.

## EIGHTH CAUSE OF ACTION

### *(NEGLIGENT HIRING, RETENTION, AND SUPERVISION AGAINST ALL DEFENDANTS AND WCSD SUPERINTENDENT)*

163.    Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate them by reference as though fully set forth herein.

164.    Defendants owed several duties to Minor Plaintiff including, but not limited to, the following:

A.    The duty to keep Minor Plaintiff safe from the negligent and/or criminal acts of its employees or third parties.

34

B.     The duty to provide responsible teachers.

C.     The duty to act reasonably under the circumstances.

D.     The duty to take action to control the wrongful acts of its employees and associates when it had reason to anticipate such acts.

165.     As a direct and proximate result of these breaches, Minor Plaintiff has suffered damages in an exact amount to be proven at trial.

166.     The failures of Defendants to hire, train, and maintain a proper teaching staff was intentional and so despicable, oppressive, malicious, and engaged in with such conscious disregard for Minor Plaintiff's rights and safety that punitive damages are warranted.

167.     That it has been necessary for Plaintiffs to retain the services of legal counsel for which Plaintiffs are entitled to recover such costs and expenses from Defendants.

### **NINTH CAUSE OF ACTION**

***(NEGLIGENCE AGAINST ALL DEFENDANTS)***

168.     Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate them by reference as though fully set forth herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

169.     Defendants owed a duty to Minor Plaintiff and other similarly situated students: (i) to create a board of trustees with the rights and powers necessary to control local public education, (ii) to act as stewards and guardians of the laws, values, and procedures for each district, where each shall show civility and respect to their students, as an act of expression and appropriate and professional behavior, (iii) to license, hire, train, evaluate, oversee, supervise, discipline, and restrict or revoke as necessary their teachers, staff, and administrative personnel, (iv) to provide a safe and respectful learning environment for all students, (v) to prohibit bullying, harassment, and discrimination of every kind, (vi) to identify and report acts of prohibited conduct, (vii) to provide each child with quality instruction not negatively impacted by poor attitudes or interactions among teachers, staff, and administration, (viii) to prohibit and prevent the assault and battery of students, (ix) to act professionally and ethically when dealing with each student, (x) to maintain appropriate boundaries of authority while fostering empathy and support for and encouragement of each student, (xi) to provide counseling and other services and resources to Minor Plaintiff, and (xii) to provide a staff that adheres at all times to the Nevada Model Code of Educator Ethics.  *See generally*, NRS 385.005, 386.010, 388.132, 391, 391A, 388.132, 391.2055, 391.2056.

170.     Defendants were negligent and acted with under color of state law when they breached and failed in the performance of their duties, and where such behavior shocks the conscience, and demonstrates a discriminatory and dangerous environment found within the Washoe County School District, violations of which are actionable under NRS 385 *Et. Seq.,* NRS 385A *Et. Seq., NRS 386 Et. Seq., NRS 388 Et. Seq., NRS 391 Et. Seq., and NRS 392 Et. Seq.*

/ / /

/ / /

/ / /

36

171.    Defendants breached that duty in that they failed to appropriately hire, train, and supervise teachers, permitted and ratified assault, battery, and other tortious conduct of their staff, and otherwise failed to take actions necessary to provide a safe and secure learning environment for their students, violations of which are actionable under Title 34 of the Nevada Revised Statutes.

172.    Defendants were negligent and acted under color of state law when they failed to control the local public education, and condoned, ratified, and carried out discriminatory acts and expressions against Minor Plaintiff, and similarly situated students, where Minor Plaintiff was assaulted and battered by a teacher, and was subjected to bullying, harassment, and discrimination on the basis of his disability and race, violations of which are actionable under NRS 385 *Et. Seq.,* NRS 385A *Et. Seq.,* NRS 386 *Et. Seq.,* NRS 388 *Et. Seq.,* NRS 391 *Et. Seq.,* and NRS 392 *Et. Seq.*

173.    Defendants were negligent and acted under color of state law when they failed to act as stewards and guardians of the laws, the values, and the procedures of the Washoe County School District, and expressed inappropriate and unprofessional behavior and tolerated incivility and disrespect to Minor Plaintiff, and similarly situated students, where Minor Plaintiff's disability was discounted and his needs were not met, on the basis of his race, violations which are actionable under NRS 385 *Et. Seq.,* NRS 385A *Et. Seq.,* NRS 386 *Et. Seq.,* NRS 388 *Et. Seq.,* NRS 391 *Et. Seq.,* and NRS 392 *Et. Seq.*

/ / /

/ / /

/ / /

/ / /

37

174. Defendants were negligent and acted under color of state law when they failed to follow hiring and disciplinary procedures, and failed to revoke the license of a teacher whose actions were and are so objectionably offensive as to create a hostile environment, and where his behavior shocks the conscience, violations which are actionable under NRS 385 *Et. Seq.,* NRS 385A *Et. Seq.,* NRS 386 *Et. Seq.,* NRS 388 *Et. Seq.,* NRS 391 *Et. Seq.,* and NRS 392 *Et. Seq.*

175. Defendants were negligent and acted under color of state law when they failed to provide a safe and respectful learning environment, and tolerated the bullying, harassment, and discrimination of Minor Plaintiff, on the basis of his disability and race, and where Defendants failed to adequately identify and report the discriminatory conduct, violations of which are actionable under NRS 385 *Et. Seq.,* NRS 385A *Et. Seq.,* NRS 386 *Et. Seq.,* NRS 388 *Et. Seq.,* NRS 391 *Et. Seq.,* and NRS 392 *Et. Seq.*

176. Defendants were negligent and acted under color of state law when they failed to provide Minor Plaintiff with quality instruction not negatively impacted by poor attitudes among teachers, staff, and administration, and where Defendants failed to mitigate the harm, and Minor Plaintiff was assaulted and battered by a teacher, violations which are actionable under NRS 385 *Et. Seq.,* NRS 385A *Et. Seq.,* NRS 386 *Et. Seq.,* NRS 388 *Et. Seq.,* NRS 391 *Et. Seq.,* and NRS 392 *Et. Seq.*

177. Defendants were negligent and acted under color of state law when they failed to act professionally and ethically when dealing with Minor Plaintiff, and failed to maintain appropriate boundaries of authority, and where Defendants failed to foster empathy and support for and encouragement of Minor Plaintiff, violations which are actionable under NRS 385 *Et. Seq.,* NRS 385A *Et. Seq.,* NRS 386 *Et. Seq.,* NRS 388 *Et. Seq.,* NRS 391 *Et. Seq.,* and NRS 392 *Et. Seq.*

178.    Defendants were negligent and acted under color of state law when they failed to adhere to the Nevada Model Code of Educator Ethics and failed to provide counseling and other services and resources to Minor Plaintiff, violations which are actionable under NRS 385 *Et. Seq.,* NRS 385A *Et. Seq.,* NRS 386 *Et. Seq.,* NRS 388 *Et. Seq.,* NRS 391 *Et. Seq.,* and NRS 392 *Et. Seq.*

179.    As a result of the state created danger, Minor Plaintiff was actually and proximately harmed and sustained injuries.

180.    Defendants had a duty to promptly respond to all complaints, incidents, notices and allegations of prohibited conduct, and must also undertake safety and risk analyses, determine the justified license revocation of a teacher, and where Defendants are mandated to treat all such claims without bias or discrimination on the basis of race, color, or national origin, or disability, and failed to file Federal complaints.

181.    Defendants were negligent and acted under color of state law when they breached their duty of care and did fail to perform their duties, violations which are actionable under NRS 385 *Et. Seq.,* NRS 385A *Et. Seq.,* NRS 386 *Et. Seq.,* NRS 388 *Et. Seq.,* NRS 391 *Et. Seq.,* and NRS 392 *Et. Seq.*

182.    Defendants had final authority and decision-making capacity to address the needs of Minor Plaintiff, and other similarly situated students, and specifically where Minor Plaintiff is a low achieving student in an underserved population, from a low income family, and where Defendants did dismiss such factors as their impact upon the disability of Minor Plaintiff, and where Defendants' demonstrated deliberate indifference to the plight of Minor Plaintiff and tolerance for discrimination, which did further aggravate Minor Plaintiff's disability, and caused behavioral problems that interfered with his learning and socialization.

39

183.    Defendants breached the duty of care owed to Plaintiffs by engaging in the abovementioned conducted repeated and realleged throughout the foregoing Complaint.

184.    Defendants' negligent actions, and their deliberate indifference to the Minor Plaintiff, shocks the conscience and demonstrates a discriminatory and dangerous environment found within the Washoe County School District.

185.    Defendants' negligence and deliberate indifference caused actual and proximate damages and harm, and Minor Plaintiff suffered injuries and cumulative trauma now and into the future that will require medical and educational analyses, evaluations, and treatments, the cost of which entitles Minor Plaintiff to special damages in an amount to be proven at time of trial.

186.    Defendants' negligence and deliberate indifference caused actual and proximate damages and harm, and Minor Plaintiff suffered injuries and emotional and psychological harm, humiliation, degradation, damaged relationships, and general emotional distress, where Plaintiffs claim both past and future damages, in an amount in to be provided at the time of trial.

187.    Defendants' negligence and deliberate indifference caused actual and proximate damages and harm, and Minor Plaintiff suffered injuries, and Plaintiff Jane Doe, in her individual capacity, has and will into the future incur medical, educational, and other expenses for which she is entitled to recover in this action.

188.    The intentional conduct of Defendants were so despicable, oppressive, malicious, and engaged in with such conscious disregard for Minor Plaintiff's rights and safety that punitive damages are warranted.

189.    That it has been necessary for Plaintiffs to retain the services of legal counsel for which Plaintiffs are entitled to recover such costs and expenses from Defendants.

**190.**     Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover against Defendants for all reasonable attorneys' fees expended in prosecuting this action.

**TENTH CAUSE OF ACTION**

***(PUNITIVE DAMAGES AGAINST ALL DEFENDANTS)***

**191.**     Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and incorporate them by reference as though fully set forth herein.

**192.**     That the acts of Defendants were intentional, wanton, malicious, willful, and oppressive and done for the sole purpose of embarrassing, ridiculing, hurting, and injuring Minor Plaintiff, such that Minor Plaintiff is entitled to punitive damages in an amount triple compensatory, incidental and consequential damages.

**Wherefore, Plaintiffs pray for judgement against Defendants as follows:**

**1.**     Plaintiffs seek a Declaration from the Court that Defendants have violated Minor Plaintiff's constitutional right to equal protection.

**2.**     For damages against Defendants for violation of Title VI of the Civil Rights Act of 1964 – *42 U.S.C. § 2000d Et Seq.*

**3.**     For damages against Defendants for violation of the Individuals with Disabilities Act – *20 U.S.C. § 1400 Et Seq.*

**4.**     For special damages, both past and future, in an amount in excess of $75,000.00 against the Defendant.

**5.**     For general damages, both past and future, in an amount in excess of $75,000.00 against the Defendant.

/ / /

6.      For compensatory damages directly and proximately caused by the acts/omissions of Defendants.

7.      For punitive damages in the amount to be requested at trial.

8.      For reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1681, and 42 U.S.C. § 1988.

9.      For such other and further relief as this court deems proper.

**<u>AFFIRMATION - PURSUANT TO NRS 239B.030</u>**

The undersigned hereby affirm the preceding document does not contain the social security number of any person.

**DATED** this 17th day of March, 2023.

**CHATTAH LAW GROUP**

*/s/ Sigal Chattah*
SIGAL CHATTAH, ESQ.
Nevada Bar No.: 8264
5875 S. Rainbow Blvd., #203
Las Vegas, Nevada 89118

**JOEY GILBERT LAW**

*/s/ Joseph S. Gilbert*
JOSEPH S. GILBERT, ESQ.
Nevada State Bar No.: 9033
405 Marsh Avenue
Reno, Nevada 89509
*Attorneys for Plaintiffs*