1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JANE DOE, as Guardian of J. DOE, a
minor, and in her individual capacity

                    Plaintiffs,

     v.

WASHOE COUNT SCHOOL DISTRICT,
a political subdivision of the State of
Nevada, its BOARD of TRUSTEES, and
its SUPERINTENDEN, DR. SUSAN
ENFIELD, DOES I-XX, and ROE
entities I-XX,

                    Defendants.

Case No. 3:23-cv-111-ART-CLB

Order

13   Plaintiffs Jane Doe and J. Doe (Minor Plaintiff) bring the current action against

14 Washoe County School District (WCSD) for its alleged failure to protect Minor

15 Plaintiff from race and disability discrimination, including a teacher harassing

16 Minor Plaintiff and slamming him to the ground. Plaintiffs further allege that

17 WCSD allowed an offensive and hostile school environment to form and failed to

18 provide Minor Plaintiff with a free appropriate public education (FAPE) as

19 required by the Individuals with Disabilities Education Act (IDEA). Plaintiffs

20 allege ten causes of action: 1) declaratory relief; 2) violation of the Fourteenth

21 Amendment Equal Protection Clause; 3) violation of Title VI of the Civil Rights Act

22 of 1964; 4) violation of the IDEA; 5) assault; 6) battery; 7) intentional infliction of

23 emotional distress (IIED); 8) negligent hiring, retention, and supervision; 9)

24 negligence; and 10) punitive damages. Before the Court is Defendant's Motion to

25 Dismiss (ECF No. 15).

26   The Court assumes the parties are aware of the facts of the case, so it will

27 therefore not repeat them here.

28 ///

1

1

## I.    LEGAL STANDARD

A court must dismiss a complaint if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556).

At the pleading stage, *Twombly* and *Iqbal* "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*. 550 U.S. at 556. Under *Twombly* and *Iqbal*, "[a] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Then, the court should assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## II.    DISCUSSION

### a. Claims against Dr. Enfield and the Washoe County School District's Board of Trustees

As an initial matter, since the filing of the Motion to Dismiss, the Court has granted the parties' stipulation to dismiss without prejudice Defendants Dr. Enfield and WCSD's Board of Trustees. (ECF No. 19.) Thus, the only remaining Defendant is WCSD.

### b. Declaratory Relief Claim

The Court will dismiss Plaintiffs' claim for declaratory relief because it serves no unique purpose in the lawsuit. "Declaratory relief should be denied where it is redundant or where it will serve no purpose in clarifying the dispute between

parties." *Clifford v. Geico Cas. Co.*, 428 F.Supp.3d 317, 326 (D. Nev. 2019) (citing *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985)). Here, Plaintiffs seek a declaration from the Court that WCSD violated Minor Plaintiff's constitutional right to equal protection, negligently failed to protect Minor Plaintiff and prohibit discriminatory conduct, denied Minor Plaintiff their rights under the IDEA, failed to provide a safe and respectful learning environment free from bullying, harassment, and discrimination, failed to supervise and discipline its teachers, and was deliberately indifferent to the plight of Minor Plaintiff through its customs, policies, and practices. (ECF No. 1 at ¶¶ 106, 109, 111-113.) Because these issues overlap with Plaintiffs' other causes of action, the Court will dismiss the Declaratory Relief claim.

### c. Fourteenth Amendment Equal Protection Claim

Defendant raises two arguments to justify dismissal of Plaintiffs' Fourteenth Amendment Equal Protection claim. First, Defendant argues that Plaintiffs failed to exhaust administrative remedies. Defendant additionally claims that Plaintiffs have not properly plead *Monell* liability. Because the Court finds both arguments unpersuasive, the Court will allow the claim to proceed.

### i. Exhaustion of Administrative Remedies

The IDEA often requires exhaustion of administrative remedies, even if the plaintiff brings a claim under a different statute. Plaintiffs are required to exhaust under three circumstances: 1) when they seek an IDEA remedy or its functional equivalent; 2) when they seek "prospective injunctive relief to alter an IEP or the education placement of a disabled student"; and 3) when they seek "to enforce rights that arise as a result of a free appropriate public education, whether plead as an IDEA claim or any other claim that relies on the denial of a FAPE to provide the basis for the cause of action." *Payne v. Peninsula School Dist.*, 653 F.3d 863, 875 (9th Cir. 2011) (en banc), cert. denied, 132 S. Ct. 1540 (2012) (overruled in part on other grounds). "[P]laintiffs cannot avoid exhaustion through artful

pleading. If the measure of a plaintiff's damages is the cost of counseling, tutoring, or private schooling-relief available under the IDEA-then the IDEA requires exhaustion." *Id.* at 877. "[Ex]haustion is not necessary when the gravamen of the plaintiff's suit is something other than the denial of the IDEA's core guarantee-what the Act calls a 'free appropriate public education.'" *Fry v. Napoleon Cmty. Schools*, 580 U.S. 154, 158 (2017).

The Court finds that Plaintiffs were not required to exhaust administrative remedies pursuant to the IDEA to bring their Fourteenth Amendment Equal Protection claim. Plaintiffs allege that Defendant violated the Fourteenth Amendment by carrying out customs and policies that tolerated discriminatory acts on the basis of race and disability and failed to develop, implement, and maintain an adequate IEP for Minor Plaintiff. (ECF No. 1 at ¶¶ 106, 109, 111-113.) While plaintiffs normally need to exhaust claims related to FAPE, Plaintiffs did not need to exhaust this claim because "the gravamen of the...suit is something other than the denial of...FAPE." *Fry*, 580 U.S. at 158. First, the Fourteenth Amendment claim concerns discrimination on the basis of both disability and race, so the claim goes beyond IDEA concerns. Furthermore, Plaintiffs are not bringing their Fourteenth Amendment claim to secure remedies provided by the IDEA; they are using the denial of FAPE, in addition to other allegations, as proof of disability discrimination. Thus, Plaintiffs were not required to exhaust the IDEA's administrative remedies for this claim.

### ii. *Monell* Liability

Defendant further claims that Plaintiffs failed to properly plead *Monell* liability. "A government entity may not be held liable under 42 U.S.C. § 1983 unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). To establish *Monell* liability, a plaintiff must prove (1)

that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Id.* (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. Of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

Plaintiffs meet the requirements for *Monell* liability. Plaintiffs allege that Defendant allegedly had a pattern of tolerating racial and disability discrimination in its schools. (ECF No. 1 at ¶ 106.) This toleration allegedly rose to the level of deliberate indifference because the school district continued to employ a teacher, Ismari, who is accused of repeated acts of racial and disability discrimination, even though he maintained this behavior after being investigated multiple times and being forced to attend a training. (*Id.* at ¶¶ 59, 61.) Plaintiffs assert that this discriminatory behavior violated the rights of Minor Plaintiff and similarly situated students of color and students with disabilities. For instance, Plaintiffs claim that, because of disability discrimination, the school district "failed to develop, implement, and maintain an adequate IEP" for Minor Plaintiff. (*Id.*) In addition, Plaintiffs allege that Ismari targeted students of color and would purposely antagonize those with disabilities. (*Id.* at ¶ 50.) He allegedly called Minor Plaintiff the n word and referred to another group of students as "the chain gang." (*Id.* at ¶¶ 46, 51.) Furthermore, Minor Plaintiff was allegedly disciplined more frequently and severely on account of his race. (*Id.* at ¶ 69.) Because Plaintiffs provided enough facts for *Monell* liability, the Court will allow the claim to proceed.

> d.  Title VI of the Civil Rights Act

Defendant seeks dismissal of Plaintiffs' Title VI cause of action for failure to properly plead *Monell* liability. "A government entity may not be held liable under 42 U.S.C. § 1983 unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City*

*of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). To establish *Monell* liability, a plaintiff must prove (1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Id.* (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. Of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

Plaintiffs plead sufficient facts to establish *Monell* liability for their Title VI claim. Plaintiffs have claimed that Ismari, violated Minor Plaintiff's rights by allegedly harassing and provoking Minor Plaintiff on account of his race and disability, including calling him the n word, resulting in the teacher body-slamming and choking Minor Plaintiff. (ECF No. 1 at ¶¶ 45-50,122-123). In the Complaint, Plaintiffs also asserts that "Minor Plaintiff was disciplined more frequently or more severely because of his race, color, or national origin[.]" (*Id.* at ¶ 69.) Plaintiffs further alleges that WCSD acted with deliberate indifference to Minor Plaintiff's rights by having a policy of tolerating and condoning racially discriminatory conduct, which created a dangerous and discriminatory school environment. (*Id.* at ¶¶ 122-126.) To support their claim that WCSD had a policy of tolerating racial discrimination in its schools, Plaintiffs state that Ismari allegedly has a history of discriminating against students of color since March 2011. (*Id.* at ¶ 66.) For example, Ismari was accused of referring to a group of students as "the chain gang." (*Id.* at ¶¶ 51.) He also was allegedly known to target in particular male students of color and follow and antagonize them. (*Id.* at ¶ 50.) While Ismari was investigated multiple times and directed to attend training on how to deal with difficult student behavior and not verbally harm students in August 2014 (*Id.* at ¶¶ 59, 61), Plaintiffs state a viable claim for violation of Title VI since it is plausible that the School District's response was inadequate in light

of Ismari allegedly committing further acts of racial discrimination since 2014. As a result, the Court will deny Defendant's Motion to Dismiss the Title VI claim.

### e. Violation of the IDEA

Defendant also asks this Court to dismiss Plaintiffs' claim for damages for violation of the IDEA. The IDEA generally requires exhaustion of administrative remedies, but courts have provided exceptions where exhaustion would be futile or inadequate. *Honig v. Doe*, 484 U.S. 305, 326-327 (1988) (internal citations omitted).

Plaintiffs were required to exhaust the IDEA claim prior to bringing this suit. Plaintiffs have failed to show how exhaustion would be inadequate or futile for them. In their opposition to Defendant's Motion to Dismiss, Plaintiffs misconstrue *Luna Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023). "The question [the Supreme Court faced] in this case concern[ed] the extent to which children with disabilities must exhaust these administrative procedures under IDEA before seeking relief under other federal antidiscrimination statutes, such as the Americans with Disabilities Act of 1990 (ADA)." *Luna Perez*, 598 U.S. at 144. Thus, that case is distinguishable from the present action because Plaintiffs alleged a violation under the IDEA, not a cause of action based on a different antidiscrimination statute. Plaintiffs brought an IDEA claim of action alleging denial of FAPE. (ECF No. 1 at ¶¶ 131-145.) Plaintiffs may have also discussed alleged disability discrimination, but that does not change the nature of an IDEA claim. As a result, the Court will dismiss the IDEA cause of action for failure to exhaust.

### f. Assault, Battery, and IIED Claims

The Court will allow Plaintiffs' assault, battery, and IIED claims to proceed. Defendant argues that Plaintiffs cannot bring these claims because Defendant cannot be held liable for intentional torts. (ECF No. 15 at 19.) However, government entities can be held liable for their employees' intentional torts. For

example, a court held a school district liable when a teacher sexually abused a female student because the student was on the premises to receive the defendant's services. *Doe A. v. Green*, 298 F.Supp.2d 1025, 1042 (D. Nev. 2004). It did not matter that the teacher "was obviously not hired to molest, abuse, or threaten minors" because the wrongful act was committed within the course of his employment and was reasonably foreseeable. *Id.* Similarly, Ismari was not hired to discriminate against students of color or students with disabilities, but he still did so while performing his work, so the school district can be held liable for his alleged battery, assault, and IIED against Minor Plaintiff.

The Court further notes that Nevada law clearly allows government entities to be held liable for their employees' intentional torts. NRS 41.745 states that employers are "not liable for harm or injury caused by the intentional conduct of an employee" if the conduct was the employee's independent venture, not committed in the course of the employee's tasks, and not reasonably foreseeable based on the nature and scope of his or her employment. NRS. 41.745. This statute necessarily implies that employers can be held liable for their employees' intentional conduct when it was not independent, was done in the course of their tasks, and was reasonably foreseeable. The statute applies to both public and private employers, *see ASAP Storage, Inc. v. City of Sparks*, 173 P.3d 734, 745 n.57 (Nev. 2007), so WCSD can be held liable for its employees' intentional torts. Thus, the Court will allow the claim to proceed.

g. Negligent Hiring, Retention, and Supervision Claim

Plaintiffs improperly pled their negligent hiring, retention, and supervision claim. The Court notes that negligent hiring is a separate tort from negligent supervision, training, and retention. *See Sanchez v. Albertson's LLC*, 2:19-cv-02017-JAD-DJA, 2022 WL 2982926, at *2 ("Nevada courts recognize two separate torts—one for negligent hiring and another for negligent training, supervision, and retention—but not one that merges them together."); *see also Vaughan v.*

*Harrah's Las Vegas, Inc.*, 239 P.3d 863 (Nev. 2008) (separately analyzing a negligent-hiring claim and a claim for negligent training, supervision, and retention). The Court will grant Plaintiff leave to amend this claim to separately plead each cause of action.

### h.  Negligence Claim

Plaintiffs bring a separate claim for negligence, but the Court is unclear how this cause of action is distinct from negligent hiring and negligent training, supervision, and retention. The Court will allow Plaintiffs to amend this cause of action to provide clarity.

### i.  Punitive Damages

The Court will dismiss Plaintiffs' punitive damages claim because it is not an independent cause of action. *See Garcia v. Nevada Prop., 1, LLC*, 2:14-cv-1707-JCM-GWF, 2015 WL 67019, at *4 (D. Nev. Jan. 6, 2015) ("Punitive damages…are not a legitimate basis for an independent cause of action. Punitive damages are one remedy that the court may impose upon a finding of liability.").

///
///
///
///
///
///
///
///
///
///
///
///
///

9

### III.    CONCLUSION

It is therefore ordered that Defendant's Motion to Dismiss (ECF No. 15) is granted in part and denied in part. The Court will dismiss Plaintiffs' claims for declaratory relief, violation of the IDEA, and punitive damages. The Court will allow Plaintiffs' claims for violation of the Fourteenth Amendment's Equal Protection Clause, violation of Title VI of the Civil Rights Act of 1964, assault, battery, and IIED to proceed. The Court grants leave to amend for Plaintiffs' negligent hiring, retention, and supervision claim and its negligence claim.

DATED THIS 29th day of March 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE